UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:20-cv-20970-RS

PAYRANGE, INC.                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )
KIOSOFT TECHNOLOGIES, LLC and           )
TECHTREX, INC.,                         )
                                        )
            Defendants.                 )
_____)

## PLAINTIFF PAYRANGE, INC.'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Plaintiff PayRange Inc. ("PayRange"), through counsel, opposes Defendants KioSoft Technologies, LLC's and Techtrex Inc.'s ("Defendants'") Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims.

It is well-established that "[d]enial of leave to amend is justified by futility when the '[pleading] as amended is . . . subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citation omitted). Defendants' Motion should, therefore, be denied given that Defendants' baseless CFAA counterclaim does not meet the *Iqbal* pleading standard, and Defendants' defamation *per se* counterclaim is barred by the litigation privilege. Fed R. Civ. P. 8(a)(2).

### I.    Defendants' proposed CFAA counterclaim is futile.

Defendants' proposed CFAA counterclaim fails to state a claim under *Iqbal* and is thus futile. "To survive a motion to dismiss," a counterclaim "must contain sufficient factual matter, accepted as true, to . . . allow[] the court to draw the reasonable inference that the [counterclaim-

]defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants' lone allegation connecting PayRange to the alleged violation of the CFAA is a "mere conclusory statement[]" and as such is not "accepted as true" under *Iqbal*. *Id.* And the remainder of the allegations in the counterclaim are entirely consistent with the "obvious alternative explanation" that PayRange had nothing to do with the alleged hack. *Id.* at 682.

Deciding whether a complaint is sufficient under *Iqbal* is a two-step process. First, the Court "eliminate[s] any allegations in [the pleading] that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are thus ignored. *Iqbal,* 556 U.S. at 678. Second, the Court decides whether the remaining factual allegations "raise a right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). If a pleading's well-pleaded allegations are susceptible to "obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the [counterclaim-]plaintiff would ask the court to infer," the pleading is subject to dismissal. *Am. Dental*, 605 F.3d at 1290 (citation omitted).

The "elements a [counterclaim-]plaintiff must plead to state a claim," *Iqbal*, 556 U.S. at 675, under the CFAA include: "knowingly and with intent to defraud, access[ing] a protected computer without authorization, or exceed[ing] authorized access, and by means of such conduct further[ing] the intended fraud and obtain[ing] anything of value." 18 U.S.C. § 1030(a)(4).

Here, paragraphs 46, 124-126, and 128 of defendants' proposed counterclaim are the only ones that come close to suggesting that PayRange might have violated the CFAA, and all fail *Iqbal* step one. D.I. 39-1. To start, paragraphs 124-126 and 128 are "legal conclusions" that "provide the framework of a complaint" but do not support its factual sufficiency, *Iqbal*, 556

U.S. at 679, since none include any facts supporting the assertion that PayRange's conduct met the elements of the cause of action.  Paragraph 46 fares no better: it recites that "[u]pon information and belief, Mr. Patel instructed PayRange employees and/or a third party to gain access to KioSoft's devices in an effort to convince KioSoft's customers that KioSoft has a security problem." This allegation is vague, in part because "access to KioSoft's devices" admits of multiple meanings, and it lacks any specificity about who was so instructed, when, or what the substance of the instruction was.  This allegation is thus a "threadbare recital" of the access element of the CFAA claim and is not "accepted as true." *Iqbal*, 556 U.S. at 678.

The remaining allegations are insufficient under *Iqbal* step two.  The Supreme Court's decision in *Twombly* is on point.  Like the counterclaim here, the allegations in the complaint at issue in *Twombly* involved a bare, conclusory allegation of conspiracy and well-pleaded facts supporting "parallel conduct." 550 U.S. at 556.  Holding that "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice," the Court held the complaint deficient under Rule 8.  *Id.* at 556-57.  The vaguely "parallel conduct" at issue here—PayRange's alleged marketing based on the comparative security of its platform, and an unknown hacker's efforts to gain access to KioSoft's systems—is not "suggestive of illegal conduct" by PayRange and is susceptible to the "obvious alternative explanation" that the alleged hack was not performed at the direction or behest of PayRange.  *Id.* at 563 n.8, 567.

Indeed, even if the Court were to read Defendants' conclusory and baseless allegation in paragraph 46 as other than a bare recital of an element of the claim, the counterclaim would still be deficient.  Paragraph 46 alleges that PayRange's CEO instructed one or more unspecified persons "to gain access to KioSoft's devices," and paragraphs 47 and 54 allege that a "hacker gained access to and downloaded" KioSoft's customers' user data.  The counterclaim does not

bridge the gap: there is no allegation that the hacker who allegedly breached KioSoft's security was acting on PayRange's direction, or that PayRange "instructed PayRange employees and/or a third party" to gain *unauthorized* access to KioSoft's *protected computers*.  Numerous benign activities might fit within an instruction to "gain access to KioSoft's devices in an effort to convince KioSoft's customers that KioSoft has a security problem," such as, by way of example, inspecting a physical CleanReader terminal or CleanPay kiosk to determine how easily an attacker could compromise the device by inserting malicious hardware, for purposes of sharing that information with KioSoft's customers.  Further, there is no allegation that PayRange's employees actually gained access to anything, just that they attempted to do so.  The well-pleaded allegations in the counterclaim are not "suggestive of illegal conduct," do not "raise a right to relief above the speculative level," and thus are insufficient.  *Twombly*, 550 U.S. at 555, 563 n.8.

## II.   Defendants' proposed defamation *per se* counterclaim is futile.

A pleading is also "subject to dismissal," *Burger King Corp.*, 169 F.3d at 1320, when it indicates on its face that no relief is warranted, e.g., because the claim is clearly barred by a privilege.  In Florida,[1] "the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994); *see also LatAm Invs., LLC v. Holland & Knight LLP*, 88 So. 3d 240, 245 (Fla. Dist. Ct. App. 2011) ("While the litigation privilege is an affirmative defense, it can be adjudicated on a motion to dismiss if the applicability of the privilege can be clearly discerned

---

[1] Florida law applies because, as the forum for the litigation that the allegedly defamatory statements concern, Florida has the "most significant relationship . . . to the occurrence and the parties." Restatement (2d) of Conflicts of Laws § 150.

from the face of the complaint.") (citations omitted).  The litigation privilege bars defendants'
proposed defamation *per se* counterclaim, so leave to amend would be futile.

Defendants plead four publications of a single statement that they allege is defamatory,
but it is apparent from the face of the proposed-amended counterclaim that each publication is
protected by the litigation privilege.  The allegation in PayRange's complaint that Defendants
willfully infringed the patents-in-suit was clearly made "in connection with a judicial
proceeding," *Levin*, 639 So. 2d at 608, and the privilege protects "statements," not merely the
first instance of publication.  *Id.*  Each of the publications of the statement that Defendants
complain of occurred after the filing of the suit, as the counterclaim acknowledges, and each
repeated the allegation of willful infringement made in PayRange's complaint.  Under these
circumstances, the allegedly defamatory statement is protected by the litigation privilege, and
Defendants' proposed amendment would be futile.

\*   \*   \*

For the foregoing reasons, Defendants' Motion for Leave to File Amended Answer,
Affirmative Defenses, and Counterclaims should be denied.

Dated: September 3, 2020                    Respectfully submitted,


                                    By:  /Joseph R. Englander/
                                        Joseph R. Englander
                                        Florida Bar No. 935565
                                        FOWLER WHITE BURNETT
                                        1395 Brickell Avenue, 14th Floor
                                        Miami, Florida. 33131
                                        Telephone: (305) 789-9259
                                        Facsimile: (305) 728-7559
                                        Email: jenglander@fowler-white.com

                                        James C. Yoon (pro hac vice)
                                        Ryan R. Smith (pro hac vice)
                                        Jamie Y. Otto (pro hac vice)
                                        WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation
                                        650 Page Mill Road
                                        Palo Alto, CA 94304-1050
                                        Telephone: (650) 493-9300
                                        Facsimile: (650) 565-5100
                                        Email: jyoon@wsgr.com, rsmith@wsgr.com,
                                            jotto@wsgr.com

                                        ***ATTORNEYS FOR PLAINTIFF***
                                        ***PAYRANGE INC.***

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 3, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Joseph R. Englander
Joseph R. Englander

## SERVICE LIST

### *PAYRANGE INC. v. KIOSOFT TECHNOLOGIES, LLC and TECHTREX, INC. CASE NO. 20-CV-20970-RS*

**Via ECF**

James C. Yoon
Ryan R. Smith
Jamie Y. Otto
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Email: jyoon@wsgr.com, rsmith@wsgr.com,
jotto@wsgr.com

**Via ECF**

John A. Camp
Ice Miller LLP
7300 Biscayne Boulevard, Suite 200
Miami, Florida 33138
Phone: 305-341-9055
Email: John.Camp@icemiller.com

Holiday W. Banta
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Phone: 317-236-5882
Email: H.Banta@icemiller.com

Christian H. Robertson, II
Ice Miller LLP
20 F St NW, Suite 850
Washington, DC 20001
Phone: 202.807.4021
Email: Christian.Robertson@icemiller.com