UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:20-cv-20970-RS

| | |
|---|---|
| PAYRANGE, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| KIOSOFT TECHNOLOGIES, LLC and TECHTREX, INC., | ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants KioSoft Technologies, LLC ("KioSoft") and TechTrex, Inc. ("TechTrex") (collectively, "Defendants"), by counsel, hereby file their Reply to Plaintiff PayRange, Inc.'s ("Plaintiff" or "PayRange") Response to Defendants' Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims (the "Response").

As a threshold matter, PayRange attacks the viability of Defendants' proposed counterclaims while sidestepping the central issue—whether Defendants, who indisputably filed their Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims (the "Motion to Amend") within the Court-ordered deadline for doing so, should be permitted to amend their pleading pursuant to Federal Rule of Procedure 15(a)(2). Under these circumstances, the law is clear that leave to amend should be freely given.

Moreover, in arguing that Defendants' two new counterclaims would be futile, PayRange's Response ignores the actual allegations of the Amended Answer and misstates the

governing legal standards.  First, Defendants' CFAA counterclaim is filled with significant factual detail that easily meets the plausibility standard of *Twombly* and *Iqbal*.  Second, the litigation privilege does not protect PayRange from liability for its false statements to third parties, including Defendants' customers, outside the present judicial proceedings.  For these reasons, and as explained in further detail below, Defendants' Motion to Amend should be granted.

**I.     Leave to Amend Should be Granted Pursuant to Rule 15(a)(2).**

PayRange's Response puts the cart before the horse by focusing on the substance of Defendants' counterclaims instead of the propriety of Defendants' Motion to Amend.  The real issue before the Court is whether Defendants—who indisputably filed their Amended Answer with two new proposed counterclaims within the Court-ordered deadline—should be permitted to amend their pleading.  The Court should grant that permission here, as when a party seeks the Court's permission to amend its pleading "by the deadline set forth in the Scheduling Order," then "absent any apparent or compelling reason for denial, leave to amend should be freely given, as required by Rule 15(a)(2)."  *Suros v Vertilux Ltd.*, 2020 WL 3183527, at *2 (S.D. Fla. June 15, 2020).

Futility is typically invoked as a basis for denying leave to amend when a claim that has already been dismissed would not survive another motion to dismiss in the amended form proposed by the requesting party.  *See, e.g.*, *Suros*, 2020 WL 3183527, at *2 ("[D]enial of leave to amend is justified by futility when the 'complaint as amended is <u>still</u> subject to dismissal." (emphasis added) (quoting *Burger King Corp. v Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999))).  That is not the case here, as Defendants' proposed new counterclaims have not even been added to their pleading yet, let alone been the subject of a motion to dismiss.  In short, PayRange's

futility argument is premature, and if PayRange wishes to raise 12(b)(6) arguments, it should do so in the context of a motion to dismiss after the amendment of Defendants' pleading.

**II.     Defendants' CFAA Counterclaim Is Well-Pleaded and Not Futile.**

Even if PayRange's futility arguments were not premature, these arguments still fail on the merits.

PayRange first argues that Defendants' proposed counterclaim under the Computer Fraud and Abuse Act (CFAA) is futile because it lacks sufficient factual detail and merely alleges parallel conduct by PayRange and a third party.  PayRange Response at 1-4.  These arguments are belied by the allegations of the counterclaim and wholly without merit.

Contrary to Plaintiff's argument, the relevant factual support for Defendants' CFAA counterclaim is not limited to the four paragraphs targeted by PayRange—46, 124-26, and 128. Rather, the factual support for Plaintiffs' claim is set forth in considerable detail spanning some twenty-six paragraphs, including paragraphs 44-60 and 120-28.  Those allegations, taken as a whole, are far more than "a formulaic recitation of the elements of a cause of action" and are more than sufficient to "state a claim that is plausible on its face," which is all that is required under Federal Rule of Civil Procedure 8(a)(2) and the Supreme Court's holdings in *Twombly* and *Iqbal*.  *Circuitronix, LLC v. Shenzhen Kinwong Elec. Co.*, 2018 WL 4193694, at *4 (S.D. Fla. May 11, 2018) (quotations omitted); *see also Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1353 (11th Cir. 2018) ("Under Rules 8 and 12(b)(6), a plaintiff is ordinarily entitled to maintain his suit and proceed to discovery if his complaint states a claim for relief that is plausible on its face.")

The twenty-six paragraphs supporting Defendants' CFAA counterclaim allege, *inter alia*, the following:

- Following an unsuccessful attempt to purchase KioSoft in May 2019, PayRange sought to discredit the security of KioSoft's laundry payment solutions by instructing PayRange employees and/or a third party to hack into—*i.e.*, gain unauthorized access to—KioSoft's computer systems; (Am. Ans. ¶¶ 44-46, 124-26);

- Pursuant to those instructions, on two separate dates—June 23, 2019 and October 10, 2019—PayRange and/or its agents obtained unauthorized access to KioSoft's mobile payment application and downloaded customer information transacted through the app; (Am. Ans. ¶¶ 47, 54, 124-26);

- Following these hacks into KioSoft's systems, PayRange attempted to publicize the hacks and highlighted them to KioSoft's customers, including at industry trade shows, in an effort to discredit the security of KioSoft's systems; (Am. Ans. ¶¶ 48-55, 57-60); and

- Due to PayRange's hacks into KioSoft's systems, KioSoft was forced to close off access to its mobile payment app for certain users; (Am. Ans. ¶ 56).

The lynchpin of PayRange's argument is the baseless assertion that Defendants pleaded only "parallel conduct" between PayRange and a third party and failed to "bridge the gap" between the hacks of KioSoft's systems and PayRange. PayRange Response at 3-4. This is simply false. To the contrary, taken together, paragraphs 44-47, 54, and 124-26 explicitly allege not only that PayRange instructed a third party to obtain unauthorized access to KioSoft's systems, but also that <u>acting upon that direction</u>, "in June 2019 and October 2019, <u>PayRange and/or its agents</u> intentionally accessed KioSoft's mobile payment app without authorization . . . and obtained customer data." *See, e.g.*, Am. Ans. ¶ 125 (emphasis added); *see also id.* ¶¶124,

4

126. Far from a threadbare recital of a claim's elements, this is precisely the sort of factual support that renders a claim "plausible on its face" and therefore immune from a *Twombly/Iqbal* challenge. *See, e.g.*, *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324–25 (11th Cir. 2012) (a complaint need only "contain enough facts to make a claim for relief plausible on its face").

Moreover, PayRange's assertion that the Court should disregard the allegations of paragraphs 46, 124-26, and 128 as mere legal conclusions (PayRange Response at 2) is irreconcilable with the actual factual content of those allegations, each of which provides specific information regarding the particular manner in which PayRange violated the CFAA. *See, e.g.*, Am. Ans. ¶¶124-26 (specifically alleging that "in June 2019 and October 2019, PayRange and/or its agents intentionally accessed KioSoft's mobile payment app without authorization . . . and obtained customer data from KioSoft's mobile payment app"; *id.* ¶128 (alleging that Defendants' loss of more than $5,000 in value included "the investigation and security assessment costs that were required to remediate the damage caused by PayRange's unlawful and unauthorized access to [the] payment app"). PayRange appears to conflate factual allegations that <u>satisfy the elements of a claim</u> with mere "legal conclusions"—but these are not the same, and Defendants have pleaded the former rather than the latter.

Unsurprisingly, Plaintiff does not cite a single case dismissing a CFAA claim under *Twombly* and *Iqbal*, as courts have routinely rejected similar challenges to CFAA claims. *See, e.g.*, *Aquent LLC v. Stapleton*, 65 F. Supp. 3d 1339 (M.D. Fla. 2014) (denying motion to dismiss CFAA claim based on *Twombly* and *Iqbal*); *Cont'l Grp., Inc. v. KW Prop. Mgmt., LLC*, 622 F. Supp. 2d 1357 (S.D. Fla. 2009) (same); *St. Johns Vein Ctr., Inc. v. StreamlineMD LLC*, 347 F. Supp. 3d 1047 (M.D. Fla. 2018) (same). This is consistent with longstanding federal precedent that a plaintiff is not required to plead every conceivable fact to state a claim. *Simpson v.*

*Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) ("A plaintiff need not plead 'detailed factual allegations . . .'") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 678 (2009)).

For all of the foregoing reasons, PayRange's futility argument regarding Defendants' proposed CFAA counterclaim is wholly without merit. Defendants respectfully request that the Motion to Amend be granted.

### III. Defendants' Defamation Counterclaim Is Not Barred by Litigation Privilege.

PayRange's argument that Defendants' proposed defamation counterclaim is barred by litigation privilege is also baseless, as Defendants have alleged that PayRange made defamatory statements that are beyond the scope of the litigation privilege. PayRange contends that its allegedly false statements—that KioSoft and TechTrex had knowledge of and had been willfully infringing the '296 and '994 patents, (Am. Ans. ¶¶61-78, 114-119)—are subject to absolute immunity under Florida's litigation privilege. PayRange Response at 4. This argument is based on an overly broad interpretation of the litigation privilege that ignores the specific factual context of Defendants' allegations, which include false statements by PayRange outside the litigation to third parties.[1]

While Florida law generally confers immunity for statements made directly in a judicial proceeding, there is no such immunity for statements <u>outside</u> those proceedings to third parties, even if those statements concern the pending litigation. *See Ball v. D'Lites Enters., Inc.*, 65 So.3d 637, 641 (Fla. Dist. Ct. App. 2011) (statements made on website regarding pending litigation were not subject to litigation privilege); *see also DelMonico v. Traynor*, 116 So.3d

---

[1] Plaintiff alleges with a single conclusory statement that Florida law applies to the defamatory statements. Plaintiff engages in no conflict-of-law analysis for this conclusion, nor does it cite any Florida decisions for its proposition. For the purposes of this Reply, Defendants will assume that Florida law applies, but Defendants do not concede that point for the broader action.

1205, 1218 (Fla. 2013) (finding that when an attorney steps beyond the courtroom and the formal discovery process, the attorney's statements are not subject to absolute immunity).  The *Ball* court, adopting the reasoning of numerous other jurisdictions, concluded that "judicial proceeding immunity should not be extended" to such statements to third parties, "because it does nothing to enhance policy behind the privilege which is to provide free and full disclosure of facts in a judicial proceeding." *See Ball*, 65 So.3d at 640-41 (citing cases); *see also Pratt v. Nelson*, 164 P.3d 366 (Utah 2007) (holding that statements to newspapers regarding pending litigation were not subject to protection under the judicial proceeding privilege); *Bochetto v. Gibson*, 860 A.2d 67 (Pa. 2004) (attorney's sharing of complaint with reporter was not protected by judicial privilege in action for defamation).

     PayRange simply ignores the well-pleaded allegations of Defendants' counterclaim that PayRange (i) communicated directly to Defendants' customers and other third parties—including by sending letters to Defendants' customers—the false statement that KioSoft willfully infringed PayRange's patents, and (ii) also disseminated these false statements through the media.  Am. Ans. ¶¶69-78, 116-117.  Even assuming that Florida law applies—and PayRange's cursory choice-of-law analysis does not establish that it does, and discovery into PayRange's false statements is likely to shed additional light on this issue—such statements are beyond the scope of the litigation privilege, and, therefore, PayRange's proposed counterclaim concerning those statements is not futile.

## **CONCLUSION**

For at least the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims and enter the Amended Answer, Affirmative Defenses, and Counterclaims in the docket for response.

Dated:  September 10, 2020            Respectfully submitted,

/s/ John A. Camp
John A. Camp
Florida Bar Number 848115
Ice Miller LLP
7300 Biscayne Boulevard, Suite 200
Miami, Florida  33138
Phone:  305-341-9055
John.Camp@icemiller.com

Holiday W. Banta, *pro hac vice*
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Phone:  317-236-5882
Facsimile:  317-592-4226
H.Banta@icemiller.com

Christian H. Robertson, II, *pro hac vice*
Ice Miller LLP
20 F St NW, Suite 850
Washington, DC 20001
Phone:  202.807.4021
Facsimile:  202.807.4022
Christian.Robertson@icemiller.com

*Attorneys for Defendants KioSoft Technologies, LLC and TechTrex, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 10, 2020, I electronically filed the foregoing Defendants' Reply in Support of Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *John A. Camp*
Attorney

## SERVICE LIST

*PayRange Inc. v. KioSoft Technologies, LLC and TechTrex, Inc.*
Case No.: 1:20-cv-20970-RS
United States District Court, Southern District of Florida

Joseph R. Englander
FOWLER WHITE BURNETT
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131
Telephone: (305) 789-9259
Facsimile: (305) 728-7559
Email: jenglander@fowler-white.com

*Counsel for Plaintiff PayRange Inc.*

**VIA CM/ECF**

James C. Yoon (PHV)
Ryan R. Smith (PHV)
Jamie Y. Otto (PHV)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: jyoon@wsgr.com, rsmith@wsgr.com, jotto@wsgr.com

**VIA CM/ECF**