**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-20970-CIV-SMITH**

PAYRANGE, INC.,

    Plaintiff,
v.

KIOSOFT TECHNOLOGIES, LLC
and TECHTREX, INC.,

    Defendants.

_____/

## ORDER GRANTING IN PART MOTION FOR LEAVE TO AMEND

This matter is before the Court upon the Unopposed Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims [DE 39] filed by Defendants/Counter-Plaintiffs Kiosoft Technologies, LLC ("KioSoft") and TechTrex, Inc. ("TechTrex") (collectively the "Counter-Plaintiffs"),[1] Response in Opposition [DE 41] filed by Plaintiff/Counter-Defendant Payrange, Inc. (the "Counter-Defendant") and Reply [DE 42]. Counter-Plaintiffs seek leave to amend their Counterclaim to assert two additional claims: (i) for violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; and (ii) defamation *per se*. For the reasons stated herein, the Motion is **GRANTED IN PART**.

### I.    LEGAL STANDARD

Leave to amend should be liberally granted when necessary in the interest of justice. Fed. R. Civ. P. 15(a). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F. 3d

---

[1] After the Motion was filed, the Court was advised that Plaintiff/Counter-Defendant objected to the requested relief.

1310, 1319 (11th Cir. 1999).  A district court may properly deny leave to amend under Federal Rule of Civil Procedure 15(a) when such amendment would be futile.  *Hall v. United Ins. Co. v. Am.*, 367 F.3d 1255, 1262-1263 (11th Cir. 2004).  A denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.  *Id.* at 1263.

## II.     DISCUSSION

Counter-Defendant maintains that Counter-Plaintiffs' proposed Amended Counterclaims are futile because: (i) Counter-Plaintiffs' CFAA claim does not meet the *Iqbal* pleading standard; and (ii) Counter-Plaintiffs' defamation *per se* counterclaim is barred by the litigation privilege. (Resp. at 1.)  The Court will address each argument in turn.

### A. Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030

The CFAA authorizes civil actions by "[a]ny person who suffers damage or loss by reason or violation" of the CFAA. 18 U.S.C. § 1030(g).  The relevant provision of the CFAA provides for liability for "whoever . . . intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer . . . ." 18 U.S.C. § 1030(a)(2)(c).  To state a claim pursuant to the CFAA, a plaintiff must prove that the defendant: (1) intentionally "accessed" a computer; (2) lacked authorization or exceeded his authorized access to the computer; (3) obtained information from the computer; and (4) caused a loss of at least $5,000 to plaintiff. *Hamilton Grp. Funding, Inc. v. Basel*, 311 F. Supp. 3d 1307, 1313 (S.D. Fla. 2018).

Here, the proposed Amended Counterclaim sufficiently alleges that Counter-Defendant intentionally accessed Counter-Plaintiffs' mobile payment app without authorization or by exceeding authorized access and obtained customer data from Counter-Plaintiffs' mobile payment app in violation of 18 U.S.C. § 1030(a)(2)(C). (DE 39-1 ¶¶ 124-126.)  The proposed Amended

Counterclaim also sufficiently alleges that Counter-Defendant intentionally assessed Counter-Plaintiffs' mobile payment app without permission for the purpose of furthering intended fraud and to obtain items of value such as customer personal and business data in violation of Section 1030(a)(4) of the CFAA. (*Id.* ¶ 126.) Such allegations are sufficient to state a claim pursuant to the CFAA. *Tracfone Wireless, Inc. v. Simply Wireless, Inc.*, 275 F. Supp. 3d 1332, 1340 (S.D. Fla. 2017) (finding that amended complaint sufficiently alleged defendant violated CFAA).

### B. Defamation *Per Se*

Counter-Plaintiffs also seek to amend its counterclaim to assert a claim for defamation *per se*. Counter-Defendant contends Counter-Plaintiffs' proposed defamation *per se* counterclaim is futile because such claim is clearly barred by a privilege. (Resp. at 4.) "Traditionally, defamatory statements made in the course of judicial proceedings are absolutely privileged, no matter how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 607 (Fla. 1994). "Consequently, the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable." *Id.* at 608.

Here, the purported defamation statements derive from allegations in the Complaint and relate to statements made in connection with a judicial proceeding. Counter-Plaintiffs allege Counter-Defendant, through counsel, sent letters to Counter-Defendants' customers.[2] However, these statements too relate to a judicial proceeding and are protected. *See James v. Leigh*, 145 So. 3d 1006, 1008 (Fla. 1st DCA 2014) (finding statements made in complaint and attached exhibits

---

[2] Upon review of the exhibits attached to the Counterclaim, Counter-Defendant sent letters to Counter-Plaintiffs' customers, advising them of the pending litigation and asking them to preserve documents in anticipation of discovery relating to this cause of action.

bore some relation to divorce proceeding because they attempted to explain why petitioner entered into the martial settlement agreement).  A motion for leave should be denied where the proposed amendment is futile.  *See Hall*, 367 F.3d at 1263 ("Under *Foman*, however, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."); *Burger King Corp.*, 19 F.3d 1320 (same).  Because the proposed defamation *per se* counterclaim is futile, the motion for leave to amend to add this claim is **DENIED.**

Accordingly, it is

**ORDERED** that:

1. Plaintiff's Motion for Leave to File Amended Answer, Affirmative Defenses and Counterclaims [DE 39] is **GRANTED IN PART and DENIED IN PART.**  The request to amend the counterclaim to add a claim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 is granted, while the motion for leave to amend to add a defamation *per se* counterclaim is denied.

2. Counter-Plaintiffs may file an Amended Answer, Affirmative Defenses and Counterclaims within five days from the date of this Order.

**DONE and ORDERED** in Fort Lauderdale, Florida this 24th day of September, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record