UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:20-cv-20970-RS

PAYRANGE, INC.                              )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )
                                            )
KIOSOFT TECHNOLOGIES, LLC and               )
TECHTREX, INC.,                             )
                                            )
            Defendants.                     )
                                            )

**MOTION TO AMEND SCHEDULING ORDER**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendants, KioSoft Technologies, LLC ("KioSoft") and TechTrex, Inc. ("TechTrex") (collectively, "Defendants"), by counsel and in accordance with Federal Rule of Civil Procedure 16(b), respectfully move the Court to amend the Amended Scheduling Order Setting Civil Trial Date and Pretrial Schedule ("Scheduling Order") dated November 10, 2020. [ECF No. 71.] In support of this motion, Defendants state:

The Scheduling Order includes several deadlines contingent upon the Claim-Construction (*Markman*) Hearing originally scheduled for January 15, 2021. [ECF No. 71.] For example, the Final Infringement Contentions are due within 21 days after the Court's *Markman* Hearing order is entered. *Id*. The Final Invalidity Contentions are due 42 days after such order. *Id*. Additionally, the supplemental expert report and rebuttal report deadlines—currently, March 12, March 29, and April 9—were to fall after the *Markman* Hearing as designated in the Scheduling Order. *Id*. That schedule was planned to allow Defendants' and Plaintiff PayRange, Inc.'s ("Plaintiff") experts to focus their analyses on the issues that remain, if any, after the *Markman* Hearing ruling. Similarly,

the expert discovery deadline (April 30) and deadline for dispositive motions (May 7) were planned to fall after the Court's ruling following the *Markman* Hearing. *Id*.

The *Markman* Hearing is now scheduled to occur on March 15, 2021. [ECF No. 143]. Defendants respectfully seek to modify the Scheduling Order in order to promote judicial economy. Defendants' proposed amendments to the Scheduling Order will, if adopted by the Court, avoid unnecessary filings by limiting the substantive work required to satisfy the pretrial deadlines to issues that remain after the *Markman* Hearing ruling.

Federal Rule of Civil Procedure 16(d) states that a pretrial scheduling order "controls the course of the action unless the court modifies it." FED. R. CIV. P. 16(d). A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Under Rule 16(b), when an act must be done within a specified time, the court may extend the time for good cause. To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence. *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).

Good cause exists under Rule 16(b)(4) for modification of the Scheduling Order to allow a reasonable continuance of the remaining pretrial deadlines in the case for at least the following three reasons: First, the Court's ruling on claim construction following the *Markman* Hearing could significantly narrow the scope of the issues ripe for the Court's decision in upcoming events such as dispositive motions and the scope of the issues required to be addressed through expert discovery. Second, the parties will have to expend additional resources on, and likely have to exchange further supplements to following the Court's ruling on claim construction, the expert reports due on March 12, unless the requested relief is granted. Third, Plaintiff has indicated that the current trial date in this case presently conflicts with Plaintiff's counsel's involvement in the

August 23, 2021 trial for *Cyntec Co. v. Chilisin Electronics Corp.*, Case No. 4:18-cv-00939-PJH (N.D. Cal.). *See* ECF No. 133. Defendants respectfully submit that moving the trial date in the present case should help minimize the opportunity for conflict between Plaintiff's counsel's trial schedule and the present case's trial schedule.

Defendants propose to modify the following key deadlines under the current Scheduling Order to key off of the issuance of the Court's claim-construction order:

- March 12 deadline for parties that bear the burden of proof on an issue to provide supplemental expert witness reports will be due no sooner than 24 days before Final Infringement Contentions deadline;

- March 29 deadline for parties that do not bear the burden of proof on an issue to disclose experts, expert witness summaries, and reports will be due no sooner than 28 days before Final Invalidity Contentions deadline;

- April 9 deadline for parties that bear the burden of proof on an issue to disclose rebuttal expert witness summaries and reports will be due no more than 17 days before Final Invalidity Contentions deadline;

- April 30 deadline for parties to complete expert discovery reports will be due no more than 4 days after Final Invalidity Contentions deadline; and

- May 7 deadline for parties to file dispositive motions, including summary judgment and *Daubert* motions will be due no more than 14 days after the Final Invalidity Contentions deadline.

*Compare with* ECF No. 71. In addition, Defendants seek to move the trial date and other deadlines that key off of the trial date.

Accordingly, Defendants seek an order amending the Scheduling Order to reflect the schedule (the "Proposed Amended Schedule") attached hereto as Exhibit A. The Proposed Amended Schedule provides additional time for the Parties (i) to complete expert discovery after the *Markman* Hearing ruling and (ii) to file dispositive motions, including summary judgment and *Daubert* motions, that are limited to the issues informed or narrowed by this Court's ruling on claim construction following the *Markman* Hearing.

3

WHEREFORE, Defendants respectfully move the Court to amend the original Scheduling Order in accordance with the Proposed Amended Schedule attached hereto as Exhibit A.

Certificate of Compliance with Local Rule 7.1

Defendants' counsel has conferred with and attempted to confer with Plaintiff's counsel on numerous occasions in a good faith effort to reach agreement with respect to the subject matter of this motion. Defendants' counsel called Plaintiff's counsel on February 25, 2021 to discuss the relief sought. On March 1, 2021, Defendants' counsel emailed Plaintiff's counsel the proposed amended scheduling order similar to the order attached hereto as Exhibit A and requested Plaintiff's counsel's input on proposed dates. Defendants' counsel raised the issue again with Plaintiff's counsel during a break in the March 4, 2021 video deposition of non-party CSC ServiceWorks, Inc. Although Plaintiff's counsel stated during that March 4 discussion that it would discuss Defendants' request with the members of Plaintiff's trial team, Defendants received no response until late today. Notwithstanding Plaintiff's silence following these efforts, Defendants' counsel emailed Plaintiff's counsel once more on March 5 with a draft joint motion requesting the relief sought herein and indicating to Plaintiff's counsel that Defendants would file a motion on March 8 without Plaintiff if Plaintiff's counsel did not respond. At 9:28 p.m. EST on March 8, Plaintiff's counsel proposed that the parties stipulate to a two-week extension to the supplemental expert report deadlines. Defendants' counsel informed Plaintiff's counsel that Plaintiff's proposal left unresolved many of the scheduling issues identified herein. Because Plaintiff provided its response eleven days after Defendants' counsel proposed seeking an amendment to the Scheduling Order and because of the approaching deadline for supplemental expert reports on March 12, Defendants' counsel informed Plaintiff's counsel that agreement had not been reached and Defendants would file this Motion.

Dated this 8th day of March, 2021

Respectfully submitted,

/s/ John A. Camp
John A. Camp
Florida Bar Number 848115
Ice Miller LLP
7300 Biscayne Boulevard, Suite 200
Miami, Florida 33138
Phone:  305-341-9055
John.Camp@icemiller.com

Holiday W. Banta, *pro hac vice*
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Phone:  317-236-5882
Facsimile:  317-592-4226
H.Banta@icemiller.com

Christian H. Robertson II, *pro hac vice*
Ice Miller LLP
20 F St NW, Suite 850
Washington, DC 20001
Phone:  202-807-4021
Facsimile:  202-807-4022
Christian.Robertson@icemiller.com

T. Earl LeVere, *pro hac vice*
Ice Miller LLP
250 West Street, Suite 700
Columbus, OH 43215
Phone:  614-462-1095
Facsimile:  614-228-4847
Earl.LeVere@icemiller.com

Bryon Wasserman, *pro hac vice*
Ice Miller LLP
1735 Market Street, Suite 3450
Philadelphia, PA 19103
Phone:  215-377-5029
Facsimile:  215-982-5169
Bryon.Wasserman@icemiller.com

*Counsel for Defendants KioSoft Technologies, LLC and TechTrex, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on March 8, 2021, I electronically filed the foregoing Motion and Incorporated Memorandum to Amend Scheduling Order with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          /s/ John A. Camp
          Attorney

**SERVICE LIST**

*PayRange Inc. v. KioSoft Technologies, LLC and TechTrex, Inc.*
Case No.: 1:20-cv-20970-RS
United States District Court, Southern District of Florida

Joseph R. Englander
FOWLER WHITE BURNETT
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131
Telephone: (305) 789-9259
Facsimile: (305) 728-7559
Email: jenglander@fowler-white.com

*Counsel for Plaintiff PayRange Inc.*

**VIA CM/ECF**

James C. Yoon (PHV)
Ryan R. Smith (PHV)
Jamie Y. Otto (PHV)
George E. Powell III (PHV)
Neil N. Desai (PHV)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: jyoon@wsgr.com, rsmith@wsgr.com, jotto@wsgr.com, epowell@wsgr.com, ndesai@wsgr.com

**VIA CM/ECF**