UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20970-LOUIS

PAYRANGE, INC.,

    Plaintiff,

v.

KIOSOFT TECHNOLOGIES, LLC and
TECHTREX, INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Parties' Joint Motion to Certify Judgment and Stay Remaining Counterclaims Pending Appeal. (ECF No. 364). Having reviewed the Motion, the record as a whole, and being otherwise fully advised, the Parties' Joint Motion to Certify Judgment and Stay Remaining Counterclaims Pending Appeal is **GRANTED, in part**, and **DENIED, in part**.

**I.   BACKGROUND**

This action began as a suit for patent infringement with respect to two of Plaintiff's patents. Plaintiff brought claims for (1) infringement of United States Patent No. 9,659,296 (the "'296 patent") and (2) infringement of United States Patent No. 9,134,994 (the "'994 patent") on March 3, 2020. Defendants asserted six counterclaims: (1) non-infringement of the '296 patent, (2) non-infringement of the '994 patent, (3) invalidity of the '296 patent, (4) invalidity of the '994 patent, (5) unfair competition, and (6) violation of the Computer Fraud and Abuse Act ("CFAA").

On March 31, 2022, the District Court entered an Order denying Plaintiff's Motion for Summary Judgment and granting Defendants' Motion for Partial Summary Judgment with reasons to follow in a more detailed order. (ECF No. 290). Thereafter, this action was referred to the undersigned for all future proceedings pursuant to the Parties' Joint Notice of Consent. (ECF Nos. 300, 309).

On June 8, 2023, the undersigned issued an order denying Plaintiff's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 333). That same day, the undersigned granted, in part, and denied, in part, Defendant's Motion for Partial Summary Judgment, which altered the District Court's prior ruling. (ECF No. 335). This Court's Order on Defendants' Motion for Partial Summary Judgment found non-infringement of the '296 and '994 patents. This Court additionally held Defendants failed to adduce clear and convincing evidence that that Plaintiff's '296 patent and '994 patent were invalid. In so finding, the Court held the '296 patent was not directed at an abstract idea.

This Court, by separate order, then subsequently dismissed without prejudice Defendants' invalidity counterclaims as the anticipated benefit of exercising jurisdiction over the invalidity counterclaims was hypothetical after findings of non-infringement. (ECF No. 360).

While this case began as a patent infringement suit, the only remaining claims before the undersigned are Defendants' counterclaims of unfair competition and violation of CFAA that are proceeding to a jury trial that is not currently set.

## II.   DISCUSSION

The Parties now move for this Court to certify its Order on Summary Judgment (ECF No. 335) under Federal Rule of Civil Procedure 54(b) and stay the Parties' remaining claims pending appeal.

### A. Motion to Certify Judgment

Under Rule 54(b), a district court dealing with multiple claims or multiple parties may direct the entry of final judgment as to fewer than all of the claims or parties if the court finds that there is no just reason for delay. Fed. R. Civ. P. 54(b); *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 3 (1980).

In deciding whether to enter a final judgment under Rule 54(b), a court must first determine whether the judgment to be certified for appeal is "final," *i.e.* whether it is the ultimate disposition of an individual claim. *Curtiss–Wright*, 446 U.S. at 7.

#### 1. Finality

The Parties in their Motion request that the undersigned certify as final to the Federal Circuit this Court's Order on Defendants' Motion for Partial Summary Judgment, under Federal Rule of Civil Procedure 54(b), which includes the undersigned's (1) findings of non-infringement of the '296 patent and the '994 patent and (2) finding that the '296 patent is not directed to an abstract idea.

The first requirement is satisfied regarding this Court's determination of non-infringement of both the '296 and '994 patents in Defendants' favor because such a judgment disposes of Plaintiff's infringement claims and Defendants' non-infringement counterclaims in all respects. *See Allergan Sales, LLC v. Teva Pharms. USA, Inc.*, No. 215CV01471JRGRSP, 2017 WL 4792543, at *3 (E.D. Tex. Oct. 24, 2017), *aff'd sub nom. Warner Chilcott (US), LLC v. Teva Pharms. USA, Inc.*, 745 F. App'x 171 (Fed. Cir. 2018) (certifying an appeal of the court's findings of non-infringement at summary judgment); *Glaxo Inc. v. Boehringer Ingelheim Corp.*, 962 F. Supp. 295, 296–98 (D. Conn. 1997) (same); *United Techs. Corp. v. Heico*, 60 F. Supp. 2d 1306, 1308 (S.D. Fla. 1999), *dismissed sub nom. United Techs. Corp. v. Heico Corp.*, 232 F.3d 909 (Fed.

Cir. 2000) (dismissed upon party agreement) ("There is also little question that the summary judgment orders entered on [the plaintiff's] claims are considered final judgments, insofar as the orders effectively have ended the litigation on those claims in this Court.").

Regarding the finding that the '296 patent is not directed to an abstract idea, Defendants originally argued three theories of patent invalidity of the '296 patent in Defendants' Motion for Partial Summary Judgment, including abstractness, obviousness, and anticipation. One of the theories of invalidity of the '296 patent included that the '296 patent was invalid under 35 U.S.C. § 101 because the '296 patent was directed to an abstract idea. The Court held as a matter of law that the '296 patent was not directed to an abstract idea. *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018) ("The ultimate determination of patent eligibility under 35 U.S.C. § 101 is an issue of law."). In so determining, the undersigned foreclosed one of the three theories Defendants asserted in their counterclaim of invalidity for the '296 patent. The undersigned additionally held that Defendants did not prove by clear and convincing evidence its two remaining theories of invalidity, that the '296 patent was obvious or anticipated. The undersigned, by separate order, dismissed without prejudice Defendants' invalidity counterclaims.

A judgment is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright*, 446 U.S. at 7. "True multiplicity is not present where" the parties present "alternative theories, drawn from the law of the same sovereign, by which the same set of facts might give rise to a single liability." *See Schexnaydre v. Travelers Ins.*, 527 F.2d 855, 856 (5th Cir. 1976) ("The district court decided only one of the grounds urged as support for a single claim against the defendant. Such a judgment is not appealable, even though the proper Rule 54(b) prerequisites for finality are found.").

The undersigned in holding that the '296 patent was not directed to an abstract idea foreclosed one of three theories Defendants asserted in their counterclaim of invalidity. The undersigned's foreclosure of Defendants' argument regarding abstractness of the '296 patent is not the ultimate disposition of an individual claim. It is merely the disposition of a single theory of Defendants' invalidity counterclaim.

Even though "[a]s a general rule, an involuntary dismissal without prejudice is appealable as a final judgment,"[1] in this Motion, the Parties do not request certification of appeal of the undersigned's dismissal without prejudice of the invalidity counterclaims in conjunction with the undersigned's finding that the '296 patent is not abstract. The Parties solely request certification of the undersigned's finding that the '296 patent is not abstract, which is not an ultimate disposition of an individual claim. As such, true multiplicity is not present.

In *Automobile Protection Corp. v. NBA Automotive, Inc.*, the court addressed certification of alternate theories of a single claim of contractual liability. No. 1:18-CV-620-MLB, 2021 WL 9276787, at *6 (N.D. Ga. Aug. 16, 2021), *aff'd*, No. 21-14193, 2022 WL 3366244 (11th Cir. Aug. 16, 2022). The court recognized that a single theory of multiple theories of liability in a single claim generally cannot be certified for appeal. *Id.* However, the court had granted summary judgment on one of two theories of liability, which mooted the alternate theory. *Id.* As such, the court found its case was distinguishable in certifying appeal as, after its finding on summary judgment, and the alternate theory mooted, "[t]here [was] nothing left for the Court to do on that claim." *Id.* In the instant case, however, even though Defendants' alternate theories of invalidity have been dismissed, the alternate theories were dismissed *without* prejudice. Defendants' theory of obviousness and anticipation are still viable theories that Defendants can assert. Thus, the

---

[1] *See Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1372 (Fed. Cir. 2000).

undersigned cannot similarly find that there is nothing left for the Court to do on Defendants' invalidity counterclaim.

Accordingly, the undersigned's holding that the '296 patent was not directed to an abstract idea is not sufficiently final to be certified for appeal.

### 2. Just Reason for Delay

The Court must now determine whether there is no just reason for delay, taking into account the policy against piecemeal litigation, the need for judicial efficiency, and whether an immediate appeal would be equitable. *Curtiss–Wright*, 446 U.S. at 8; *Allergan Sales, LLC*, 2017 WL 4792543, at *3. District courts have "substantial discretion" in determining whether there is no just reason for delay. *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001).

The Parties argue that there is no risk of piecemeal litigation as Defendants' remaining counterclaims are for alleged violations of CFAA and for unfair competition, which involve distinct legal issues and have few facts that overlap with any of the patent claims and counterclaims. Additionally, the Parties further assert this Court's Order is separable as Plaintiff has no remaining claims, and there are no pending counterclaims relating to either of the patents-in-suit.

The undersigned found non-infringement of the '296 and '994 patents, and then subsequently dismissed the remaining counterclaims of invalidity. The remaining claims before the undersigned include a state law claim and a claim for a statutory violation, which are distinct legal issues from patent infringement.

With regard to the factual overlap, there is a slight overlap with Defendants' unfair competition counterclaim, as it includes facts regarding Plaintiffs' statements that Defendants infringed Plaintiff's patents. However, this overlap does not render the claims inseparable as the

6

result of the patent infringement claims and counterclaims' appeal is not determinative of Defendants' unfair competition counterclaim. Defendants' counterclaim for violation of CFAA does not have substantial factual overlap with the patent infringement claims and counterclaims as Defendants' counterclaim for violation of CFAA involves alleged security breaches of Defendants' systems. Accordingly, the separability of the claims here favors certification of final judgment.

Regarding the need of judicial efficiency, as the Parties note, there is substantial overlap between the anticipated witnesses for Defendants' CFAA and unfair competition counterclaims and the witnesses for patent claims and counterclaims. Thus, if the Federal Circuit were to remand, many of the same witnesses could be required to testify in two separate jury trials. Accordingly, judicial efficiency also weighs in favor of certification. *See United Techs. Corp. v. Mazer*, No. 05-80980-CIV, 2006 WL 8433630, at *1 (S.D. Fla. Sept. 13, 2006), *aff'd*, 556 F.3d 1260 (11th Cir. 2009) (taking into account how, if reversed, "[t]he same evidence and witnesses covered during the first trial against [a defendant] will substantially have to be repeated a second time during the trial against" the defendant who was dismissed and is the subject of the requested appeal).

The Parties represent that a resolution of an appeal may substantially aid the parties' efforts to reach settlement in advance of trial. The fact that an "an appellate resolution of [a party's] original and decided claims may well facilitate a settlement" is relevant when considering equitable interests. *See Heico*, 60 F. Supp. 2d at 1308–09. Indeed, "[t]his fact alone could merit certification." *Id.* at 1309; *see also Curtiss-Wright Corp.*, 446 U.S. at 8 n.2 (the possibility that "an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims" could outweigh other factors and justify certification); *Kapila v. Grant Thornton, LLP*,

7

No. 14-61194-CIV, 2018 WL 654466, at *3 (S.D. Fla. Jan. 31, 2018); *Mamani v. Sanchez Berzain*, No. 07-22459-CIV, 2021 WL 3934114, at *2 (S.D. Fla. June 28, 2021).

With the Parties' intention to appeal the Court's Order on summary judgment, "settlement is unlikely absent a final appealable ruling." *See Cent. Transp., LLC v. Glob. Aeroleasing, LLC*, No. 1:17-CV-23788, 2020 WL 7040048, at *1 (S.D. Fla. Oct. 28, 2020). As such, equitable interests weigh in favor of certification.

The Court independently notes that this case "has taken an exceedingly long journey to its present pared down state." *Heico*, 60 F. Supp. 2d at 1308–09; *Perez v. City of Sweetwater*, No. 16-24267-CIV, 2018 WL 10155930, at *2 (S.D. Fla. Aug. 9, 2018). "Because the parties have been litigating the case in federal court for [over three] years, and the Parties agree that Rule 54(b) certification is appropriate," this further weighs in favor of certification. *Perez*, 2018 WL 10155930, at *2.

Accordingly, the Court finds that there is no just reason for delay in certifying the undersigned's findings of non-infringement of the '296 patent and the '994 patent for appellate review.

### B. Motion to Stay

In determining whether to grant a stay pending appeal, the Court considers "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016).

First, the Parties represent that neither would be prejudiced by a stay. Additionally, the Parties here jointly request a stay and, as such, there is no disadvantage to a non-moving party.

8

Second, the Parties further agree that an appeal would simplify the trial as it would reduce the risk of having to conduct two separate trials with essentially the same witnesses. The Parties also represent that an appeal could aid settlement, which would greatly simplify the issues in question.

Finally, at this posture of the case, as the Parties note, discovery is complete. However, the undersigned has yet to set trial.

Considering that the Parties are jointly requesting the relief, staying the case could simplify both the trial and the issues in question, and the undersigned has yet to set trial, the undersigned finds that the factors weigh in favor granting a stay pending the appeal. *See Hicks v. Middleton*, No. 4:21-CV-003, 2022 WL 17491331, at *2 (S.D. Ga. Nov. 28, 2022) (granting the parties' motion to stay after granting Rule 54(b) certification); *Wilson v. Doss*, No. 2:09-CV-21-MEF, 2012 WL 5936564, at *1 (M.D. Ala. Nov. 27, 2012) ("Given Plaintiff's representation to the Court that he will immediately appeal the Court's Memorandum Opinion and Order granting summary judgment in favor of the [defendants] on all of Plaintiff's claims against them, the Court finds that it is in the interest of judicial economy and efficiency and that no party will be prejudiced by a stay of these proceedings pending resolution of Plaintiff's appeal.").

### III. CONCLUSION

Accordingly, the Parties' Joint Motion to Certify Judgment is **GRANTED, in part**, and **DENIED, in part**. This Court **CERTIFIES** the findings of non-infringement of the '296 patent and the '994 patent in this Court's Order on Defendant's Motion for Partial Summary Judgment (ECF No. 335) pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Partial final judgment under Rule 54(b) will be entered by separate order.

The Parties' Joint Motion for Stay is **GRANTED** and therefore the case is **STAYED** pending appeal to the Federal Circuit. The Clerk of the Court is **DIRECTED** to mark this case as **CLOSED** for administrative purposes only.

Defendants' Unopposed Motion to Permit Use of Electronic Equipment in the Courtroom at Trial (ECF No. 352) and the Parties' Second Joint Motion for Trial Dates (ECF No. 365) are **DENIED, as moot**.

The Parties are **ORDERED** to file a joint status report within sixty (60) days of the date this Order and every thirty (30) days thereafter, apprising the Court of the status of any appeal filed by the Parties.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of July, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE